IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MASTER DOMENIC J. DIMAIO,<br>　　Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 19-CV-1043 |
| GEORGE W. HILL<br>INTAKE DEPT., *et al.*,<br>　　Defendants. | : <br> : <br> : | |

## MEMORANDUM

**RUFE, J.**　　　　　　　　　　　　　　　　　　　　　　　　　**MARCH 18, 2019**

*Pro se* Plaintiff Domenic J. DiMaio has filed this civil action pursuant to 42 U.S.C. § 1983 against the "George W. Hill Intake Dept.," the Delaware County Court of Common Pleas, and "Class Action Law Suit for Previous Complaints and Non-Compliance of Misdirection for Overcrowding and Mistreatment of Inmates Due Process Public Safety and Welfare of Prisoners," raising claims regarding conditions of confinement during his recent incarceration at the George W. Hill Correctional Facility ("GWHCF"). (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant DiMaio leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.　　FACTS**

The Complaint suggests that DiMaio was incarcerated at the GWHCF from July 10, 2018 through December 10, 2018. (Compl. at 6.)[1] He alleges that during this time, he was confined in a 6' x 9' cell with two other men. (*Id.*) DiMaio refers to "levels of stress and anger, feeding and

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

sleeping 1 hour free time and non-compliance of [guards] for medical attention and secure sleeping quarters for individuals correcting for errors." (*Id.*) He "ended up going to medical unit (infirmary) for other open-ended argu[]ments and [unintelligible] of self affirming differences with other inmates." (*Id.*) As relief, DiMaio is "only asking and recommending for [himself] a subsidiary amount allocated to [him]." (*Id.* at 7.) He suggests that $50.00 per day of incarceration, or a total of $900.00, would be sufficient. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant DiMaio leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As DiMaio is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, DiMaio's Complaint fails to state a claim for relief at this time.

A. **Discussion of the Named Defendants**

As noted above, DiMaio has named the "George W. Hill Intake Dept." as a Defendant in this matter. The intake department, however, is not a "person" subject to suit under § 1983. *Cf. Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that a prison medical department was not a "person" for purposes of § 1983); *Bertalan v. SCI Graterford State Prison*, No. 18-69, 2018 WL 491007, at *1 (E.D. Pa. Jan. 18, 2018) (noting that a prison's maintenance and medical departments were not "persons" for purposes of § 1983). To the extent that DiMaio is referring to GWHCF itself, the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

DiMaio has also named the Delaware County Court of Common Pleas as a Defendant. The Court of Common Pleas, however, is also not a "person" subject to liability under § 1983 and, in any event, is entitled to Eleventh Amendment immunity from DiMaio's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).

Finally, DiMaio names "Class Action Law Suit for Previous Complaints and Non-Compliance of Misdirection for Overcrowding and Mistreatment of Inmates Due Process Public Safety and Welfare of Prisoners." The Court cannot discern how this references a proper entity subject to suit under § 1983. To the extent that DiMaio seeks to bring this action as a class action, he lacks the ability to do so as a non-attorney proceeding *pro se* and, in any event, has not

articulated any basis for a class action. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

For these reasons alone, DiMaio's Complaint is subject to dismissal. DiMaio's claims suffer from other deficiencies, which the Court addresses below.

### B. Additional Deficiencies

DiMaio takes issue with the fact that he had to share a cell with two other men during his incarceration at the GWHCF. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because DiMaio's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of

4

the circumstances. *See, e.g.*, *Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 235 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

As noted above, DiMaio takes issue with the fact that he was assigned to a cell with two other men. Housing multiple inmates in a cell, however, does not alone establish a constitutional violation. *See Hubbard II*, 538 F.3d at 236 & n.6 (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). DiMaio has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *see also Walker v. George W. Hill Corr.*, Civ. A. No. 18-CV-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other

5

individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding). Thus, DiMaio's Complaint fails to state a claim with respect to his allegations of overcrowding at this time.

DiMaio also appears to take issue with the fact that he only received one hour of "free time," presumably per day. The Court construes DiMaio's claim to be one that he should have received more time for recreation. While "meaningful recreation 'is extremely important to the psychological and physical well-being of . . . inmates,'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1031 (3d Cir. 1988) (quoting *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), nothing in the Complaint suggests that DiMaio's inability to receive more recreation time amounted to punishment or threatened his health. *See French v. Owens*, 77 F.2d 1250, 1255 (7th Cir. 1985) (concluding that lack of exercise may rise to a constitutional violation only if the deprivation is such that "movement is denied [to such extent that] muscles are allowed to atrophy [and] the health of the individual is threatened"). Accordingly, DiMaio cannot maintain his claims regarding the lack of more recreation at this time.

DiMaio also appears to suggest that he did not receive adequate medical care during his incarceration at the GWHCF. In the context of deficiencies in medical care, an inmate's rights are violated under either the Eighth or Fourteenth Amendment if a prison official acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016) (per curiam). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

6

DiMaio, however, has not provided any facts regarding the needs for which he needed medical care. Moreover, as discussed above, DiMaio cannot proceed against any of the named Defendants. Accordingly, he has failed to state a claim regarding the denial of adequate medical care at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant DiMaio leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to DiMaio's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**